**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernie Martinez, | No. CV-19-05811-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| William W Lothrop, | |
| Respondent. | |

On October 20, 2020, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that the Petition in this case be denied. Petitioner sought and received and extension of time to file objections to the R&R. His objections were due November 3, 2020. On November 24, 2020, Petitioner moved to file his objections late (Doc. 20) and lodged his objections (Doc. 21). The Government replied to the lodged objections. (Doc. 22). Separately, Petitioner filed a motion to appoint counsel. (Doc. 19).

Generally, petitioners seeking habeas relief are not entitled to counsel unless appointment counsel is necessary to a prevent due process violation. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965), *cert. denied*, 382 U.S. 996 (1966). The Court has discretion to appoint counsel when a judge "determines that the interests of justice so require." *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990), *cert. denied*, 499 U.S. 979 (1991) (quoting 18 U.S.C.

§ 3006A(a)(2)(B)).  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, there is not a likelihood of success on the merits.  *See generally* (Doc. 16).  Further, Petitioner has capably articulated his claims pro se.  *See generally* (Doc. 1; Doc. 21).  On this record, the Court will deny the motion to appoint counsel.

In Petitioner's motion to file his specific objections late, Petitioner states:

> Now comes, Ernie Martinez, Defendant, pro se, hereby file this motion for entering specific written objections with the Court. (Arizona and New Mexico statewide search for habeas corpus attorneys through the bar association and private law firms have resulted in none who will represent my case [] nor assist in filing objections with the Court.)

(Doc. 20).

The Court concludes that Petitioner's efforts at finding counsel justify his objections being filed late.  Accordingly, the Court will consider the late filed objections as if they were timely.

Based on the foregoing,

**IT IS ORDERED** that the motion to appoint counsel (Doc. 19) is denied.

**IT IS FURTHER ORDERED** that the Motion to File Specific Written Objections [Late] (Doc. 20) is granted.  The Clerk of the Court shall file the objections currently lodged at Doc. 21.

Dated this 5th day of February, 2021.

James A. Teilborg
Senior United States District Judge

- 2 -