**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernie Martinez, | No. CV-19-05811-PHX-JAT |
| Petitioner, | **ORDER** |
| v. | |
| William W Lothrop, | |
| Respondent. | |

Pending before the Court is Petitioner Ernie Martinez's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241. (Doc. 1). Magistrate Judge Morrissey issued a Report and Recommendation (R&R) recommending that the Petition be denied. (Doc. 16). Petitioner timely filed objections to the R&R. (Doc. 24).

## I.     BACKGROUND

On September 29, 2008, a New Mexico state court sentenced Petitioner to four years in prison for violating the terms of his probation. (Doc. 16 at 2). On February 23, 2010, the United States Marshals Service executed a writ of habeas corpus ad prosequendum, issued by the United States District Court for the District of New Mexico, requiring Petitioner to appear before the District Court. (*Id.*). Petitioner remained in the custody of the United States Marshal until July 7, 2011. (*Id.*). Petitioner pled guilty in federal court to one count of distribution of fifty grams or more of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(B), and was sentenced to one-hundred twenty months in prison to run concurrently with the remainder of Petitioner's state sentence. (*Id.*). Petitioner completed

his state sentence on October 27, 2011 and then entered federal custody to serve his federal sentence which he completed on January 17, 2020. (*Id.*). (Petitioner still meets the "custody" requirement of 28 U.S.C. 2241 because he is still on supervised release. (*Id* at n. 1))

On June 6, 2019, while housed in FCI Phoenix, Petitioner filed an Informal Resolution request alleging that the BOP should have credited his federal sentence with the 499 days he spent in federal custody prior to his sentencing. (*Id.*). The request was unsuccessful, so Petitioner filed a Request for Administrative Remedy on June 19, 2019. (*Id.* at 3). The request was denied due to procedural errors. (*Id.*). Petitioner then raised the same issue by filing a Regional Administrative Remedy Appeal and a Central Office Administrative Remedy Appeal on July 19, 2019 and September 11, 2019, respectively. (*Id.*). Both requests were denied for the same procedural errors as before. (*Id.*). On December 13, 2019, Petitioner filed a Petition for Writ of Habeas Corpus claiming that he is owed the 499-day credit, in addition to good time credit, which entitled him to immediate release. (*Id.*). Respondents filed a Response to the petition on March 19, 2020. (*Id.*).

## II.     LEGAL STANDARD

The Attorney General of the United States, through the BOP, is responsible for computing sentences of federal offenders. *See* 18 U.S.C. § 3585(a) (2006); *United States v. Wilson*, 503 U.S. 329 (1992). At sentencing, the district court cannot determine the precise amount of credit a federal offender should receive, and it is up to the Attorney General to administer the offender's sentence and make the appropriate calculations. *Wilson*, 503 U.S. at 335 (citing 18 U.S.C. § 3585(b)). The Ninth Circuit has interpreted 18 U.S.C. § 3585(a) to mean that "a federal sentence cannot begin before the defendant has been sentenced in federal court." *Schleining v. Thomas*, 642 F.3d 1242, 1244 (9th Cir. 2011) (citing *United States v. Gonzalez*, 192 F.3d 350, 355 (2d Cir. 1999); *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). The calculation of a prison term may include credit for prior custody served before the date the sentence commences that is "the result of any other charge for which the defendant was arrested after the commission of the

offense for which the sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). In enacting this statute, "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

### III.    STANDARD OF REVIEW

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006). It is "clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("*Following Reyna–Tapia*, this Court concludes that de novo review of factual and legal issues is required if objections are made, 'but not otherwise'") (citation omitted). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the report [and] recommendations to which objection is made."). Because Petitioner has objected to portions of the R&R, the Court will review those portions of the R&R de novo.

### IV.    DISCUSSION

#### a.  Administrative Remedies

Magistrate Judge Morrissey concluded that Petitioner failed to first exhaust his administrative remedies and was not entitled to habeas relief. (Doc. 16 at 5). As the R&R concludes, Respondents met their initial burden of proof by showing Petitioner did not exhaust his administrative remedies. (*Id.* at 4). First, after Petitioner's initial Request for Administrative Remedy was rejected for failure to attempt informal resolution or to provide evidence of his attempt, Petitioner did not correct the procedural error. (*Id.*). Second, although Petitioner submitted a copy of Petitioner's Informal Resolution with his habeas Petition, he did not provide the BOP with the document when attempting to exercise the

administrative remedies. (*Id.*)

Once Respondents met their burden of proof by showing that Petitioner had not exhausted his administrative remedies, the burden shifted to Petitioner. (*Id.* at 4). Petitioner then failed to prove that "administrative remedies were not available to him, or that Respondents' arguments as to exhaustion are incorrect." (*Id.* at 4–5). Thus, Petitioner is not entitled to habeas relief because he did not exhaust his administrative remedies. Nonetheless, alternatively, the Court will consider his objections.

### b. Federal Custody

Petitioner argues that he was in custody from February 23, 2010 to July 7, 2011 because he became "federal property liable to the U.S. Government" when he was "arrested and detained by federal marshals then incarcerated in a federal holding facility." (Doc. 24 at 1). Further, he argues that his state sentence stopped, with 88 days remaining, when he was taken into federal custody. (*Id.* at 1–2). Contrary to Petitioner's argument, the Deputy Bureau Chief of Offender Management Services for the New Mexico Corrections Department, Jessalyn Eaton, stated that "Petitioner's state sentence continued to run…from February 23, 2010 to July 6, 2010 [sic], while he was in Federal custody pursuant to the writ." (Doc. 15-2, Exhibit B at 2).

Magistrate Judge Morrissey correctly concluded that Petitioner was "not in federal custody" for the purpose of awarding § 3585(b) credit for prior custody when he was transferred pursuant to a writ of habeas corpus ad prosequendum. (Doc. 16 at 5). The BOP cannot credit a prisoner's federal sentence with time that he "spent in federal custody pursuant to a writ of habeas corpus ad prosequendum" because "he remained subject to the state's jurisdiction during the time he spent in federal custody pursuant to the writ." *Lay v. Gill*, 575 Fed. Appx. 816, 816 (9th Cir. 2014); *see also Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998) (stating that the prisoner was still in state custody when he was delivered to the federal court, pursuant to a writ of habeas corpus ad prosequendum, for his federal hearing and sentencing); *United States v. Beltran*, 2016 WL 769410, at *2 (D. Ariz. 2016) ("The Ninth Circuit has held that a prisoner transferred per a writ of habeas corpus *ad*

*prosequendum* 'is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.[']") (citing *Thomas v. Brewer*, 923 F.2d 1361, 1367 (9th Cir. 1991)). Thus, Petitioner was not in federal custody and is not entitled to § 3585(b) credit for the time he was held before his federal sentencing.

### c. Credit

Even if Petitioner was "in custody" prior to his federal sentencing, Petitioner failed to prove that credit for his time spent in custody was not already awarded to his state sentence. The BOP can grant credit to a prisoner for time spent in state or federal custody prior to the commencement of his sentence if that time has not already been credited against another sentence. *Schleining v. Thomas*, 642 F.3d 1242, 1245 n.2 (2012); 18 U.S.C. § 3585(b).

Magistrate Judge Morrissey concluded that credit for time spent in pre-sentence detention was already awarded to Petitioner's state sentence, as evidenced by a declaration submitted by Respondents, and therefore could not be credited toward his federal sentence. (Doc. 16 at 5; Doc. 15-2, Exhibit B at 2). Petitioner argues that his time spent in federal custody was not already credited against his state sentence and thus can be credited toward his federal sentence. (Doc. 24 at 1, Exhibit A). Specifically, Petitioner provides an exhibit with his objection that shows a list of "good time credits" calculated toward his state sentence. (*Id.* at Exhibit A). This exhibit does not mention the time Petitioner was detained prior to his federal sentencing. (*Id.*).

However, nowhere in his objection does Petitioner explain how the exhibit supports his objections. Specifically, Petitioner does not indicate whether the exhibit provides a complete calculation of all credit awarded toward his state sentence. Because this exhibit may include exclusively "good time credit," the time Petitioner spent in pre-sentence detention may have still been credited toward his state sentence even though it was not listed in the exhibit. As indicated above, if the credit was already applied to another sentence, the credit cannot also be applied to Petitioner's federal sentence under § 3585(b). *Ybarra v. Martel*, 2011 WL 613380, at *1 (S.D. Cal. Feb. 11, 2011) ("Including an exhibit . . . is not the same as making a 'specific written objection; . . . [e]xhibits . . . may *support*

objections, but they are not themselves objections."); *Snipes v. Tilton*, 2011 WL 766599, at *1 (S.D. Cal. Feb. 25, 2011) (stating that when petitioner submits objections followed by attached exhibits, the court is not required to "comb the record in order to develop an argument for petitioner"); *Waldrep v. Ryan*, 2020 WL 2079191, at *1 n.3 (D. Ariz. Apr. 30, 2020) ("[T]o the extent the 'exhibits' to Petitioner's objections contain any arguments not presented in the . . . objections, such arguments will not be considered by the Court."). Accordingly, this exhibit is insufficient to support Petitioner's objection that his state sentence was not credited.

**V.    CONCLUSION**

**IT IS ORDERED** that the Report and Recommendation (Doc. 16) is accepted, and Petitioner's objections (Doc. 24) are overruled. The Petition is denied and dismissed with prejudice for the reasons stated herein and the Clerk of the Court shall enter judgment accordingly.

Dated this 15th day of April, 2021.

James A. Teilborg
Senior United States District Judge